WILLIAM H. SLACK, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 77004.   Promulgated June 15, 1937.

*Joseph B. Brennan, Esq.,* and *W. A. Sutherland, Esq.,* for the petitioner.

*Owen W. Swecker, Esq.,* for the respondent.

OPINION.

HARRON: This proceeding is for the redetermination of a deficiency in income tax for the year 1930 which respondent has determined to be $1,565.62. Part of this deficiency is contested by the petitioner,

who contends that the respondent is in error as to the basis he has determined for computing gain from the sale of an interest in real estate under the provisions of section 113 (a) (5) and section 113 (b) of the Revenue Act of 1928. The respondent has determined that the petitioner's gain from the sale of his interest in a parcel of real estate was greater than petitioner reported and the deficiency arises in part from an increase in profit from the transaction added to the petitioner's taxable income.

The parties to this proceeding have stipulated the facts which are summarized hereafter.

William H. Slack, Sr., acquired title to a parcel of improved real estate located in Washington, D. C., in the following way. William H. Goddard by his will devised the property to his wife, Martha Goddard, for life, with remainder in fee to William H. Slack, Sr., a resident of Georgia.

William Goddard died in the year 1891. Martha Goddard died March 9, 1928. William H. Slack, Sr., gave a one-eighth undivided interest in the property to the petitioner in April 1928. In June 1930 the entire property was sold. The fair market value of the property was greater on March 1, 1913, than the fair market value on the date of the death of William Goddard.

The fair market value on March 1, 1913, of the petitioner's one-eighth undivided interest was $24,895.90 (land, $21,512.55; buildings, $3,383.35). This valuation is the fair market value on March 1, 1913, of the petitioner's interest, without deducting therefrom a proportionate part of the fair market value of the life estate of Martha Goddard.

Depreciation was suffered with respect to the buildings on the realty from March 9, 1928 (the date of the death of the life tenant), to June 2, 1930 (the date of sale), a period of 2 years, 2 months and 24 days, at the rate of 2½ percent per annum, which rate is not less than the amount of depreciation allowable for income tax purposes. On the March 1, 1913, value of the buildings of $3,383.35, the petitioner is entitled to a deduction for depreciation of $188.90.

The net sale price of petitioner's interest was $39,994.54. The gain to the petitioner from the sale of his interest is $15,287.54 on the adjusted value as of March 1, 1913, less depreciation, without deducting therefrom the value of the life estate of Martha Goddard.

The respondent has determined that the basis to the petitioner for computing his gain from the sale of his interest in the property is the March 1, 1913, value of his interest less the fair market value on March 1, 1913, of the intervening life estate in petitioner's one-eighth interest which was $8,760.37 ($7,569.84, land and $1,190.53, buildings), according to computation under the American Experience Table of Mortality, less depreciation at the rate of 2½ percent

per annum. According to this basis, the respondent has determined that the petitioner's gain on the sale is $23,981.45.

The question accordingly is whether the petitioner's gain was $15,287.54 or $23,981.45, as determined by the respondent. Proper determination of this question turns upon whether the basis to the petitioner is the fair market value of the property on March 1, 1913, or the fair market value of the remainderman's interest therein on that date.

The petitioner received his interest in the property by gift. It is conceded that the basis to him is the same as to the donor under the provisions of section 113 (a) (2) of the Revenue Act of 1928. See *Taft* v. *Bowers*, 278 U. S. 470. The interest of the donor was a vested remainder interest.

Section 113 (a) (5), in so far as pertinent, states:

* * * *if real property* was acquired by general or specific devise or by intestacy, *the basis shall be* the fair market value of the *property* at the time of the death of the decedent. [Italics supplied.]

Section 113 (b) states:

The basis for determining the gain or loss from the sale or other disposition of *property* acquired before March 1, 1913, shall be:
[(1) the cost, or]
(2) the fair market value *of such property* as of March 1, 1913, whichever is greater. [Italics supplied.]

Congress has expressly stated in the above statutory provisions of the Revenue Act of 1928 that the basis, in the situations referred to, will be the fair market value of the *property* at the time of the death of the decedent. The respondent argues that the term "property" is to be interpreted in a broad sense and that in this proceeding the subject to be valued is the *remainderman's* interest in the real property at March 1, 1913. Under the facts in this proceeding, the terms in the applicable statutory provision are not ambiguous and the respondent's theory places too great a strain on the literal meaning of words. The subject matter of the sale here involved was the fee simple title to real estate which had vested in possession in the vendor (the remainderman). The vendor was not selling a remainder interest in the realty. Applying the words of the statute, real property was sold which was acquired by specific devise. In 1930, the date of sale, the .fact that there had been an intervening life estate, had become an academic consideration so far as we are concerned with the language of section 113 (a) (5) applied to the facts before us. There is nothing in the language of the statute to support the respondent's argument that the real property sold by a remainderman in possession should be discounted by the value of a terminated intervening life estate. To accede to such construction of the statute would be to interpret it to intend to establish two

bases, (a) the value of the real property at the time of the death of the decedent, and (b) the value of the remainder interest in real property at the time of the death of the decedent, depending on whether sale of the property was by a life tenant in possession or by a remainderman in possession. The basis to be used should not be made to depend on whether the devise was made in fee or divided into life estate and remainder interest. The same property is involved in either case and the same basis should apply. The applicable statute does not provide for such differentiation in the basis.

It is held that the value of the real property on March 1, 1913, undiminished by the value of the life estate, is the basis to be used in computing the petitioner's gain on the sale of his one-eighth interest in the real property in 1930.

The weight of authority of Board and court decisions supports this holding. A similar issue, arising out of interpretation of the same section of the Revenue Act of 1928 was before this Board in *Robert E. McGrath*, 30 B. T. A. 562, wherein it was held that the basis for determining profit from the sale of real estate acquired under vested remainder interests was the entire value of the real property at the time of the testator's death and not the value of the vested remainder interests. This decision has been sustained by the Circuit Court of Appeals for the Sixth Circuit. See *Fidelity & Columbia Trust Co.* v. *Commissioner*, 90 Fed. (2d) 219. There the Circuit Court states:

> The statute specifically states that the basis shall be the fair market value "of the property" at the time of the death of the decedent. While right to possession and enjoyment could mature only upon the extinction of the mother's life interest, the property sold was the entire real estate, and the Commissioner erred in deducting only the value of the remainder interests in making his determination.

The above language of the Circuit Court might well be paraphrased and applied to the issue in this proceeding.

The question here in issue in substantially similar form has been decided by this Board previously, in accordance with the holding here. See *Rodman E. Griscom*, 22 B. T. A. 979; *Isabel Richardson Molter*, 27 B. T. A. 442; *Farley Hopkins*, 27 B. T. A. 845; *Robert E. McGrath*, *supra*. Our decisions in all of the above cases which were taken on appeal have been affirmed by the courts. See *Molter* v. *Commissioner*, 69 Fed. (2d) 7 (C. C. A., 7th Cir.), affirming 27 B. T. A. 442; *Hopkins* v. *Commissioner*, 69 Fed. (2d) 11 (C. C. A., 7th Cir.), affirming 27 B. T. A. 845; *Fidelity & Columbia Trust Co.* v. *Commissioner*, *supra* (C. C. A., 6th Cir.). See also *Huggett* v. *Burnet*, 64 Fed. (2d) 705 (Court of Appeals for the District of Co-

lumbia), reversing 24 B. T. A. 669. The Board followed *Huggett* v. *Burnet, supra,* in *Henry A. Cleland Estate Co. Ltd.,* 29 B. T. A. 436. The issues in some of the cases referred to above related to the statutory provisions of prior revenue acts which Congress clarified in the Revenue Act of 1928 in section 113 (a) (5). The conclusions reached in all of the above decisions of the Board and the courts arrive at the same result in holding that where vested interests have been created, the basis for gain upon the sale of the property is the fair market value thereof at the time of the decedent's death and not the value of the vested remainder at the time of the decedent's death. The holding in this opinion follows these prior decisions of the Board and the courts which we believe constitute the weight of authority.

In the case of *Elizabeth S. Vale,* 30 B. T. A. 1351, the Board adhered to the opinion it had adopted in the case of *William Huggett, supra,* rejecting the conclusion reached by the Court of Appeals in *Huggett* v. *Burnet, supra.* The Board is now convinced that its position in the *Vale* case was erroneous and that case will not be followed in the future.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*